## WHITE v. THE STATE OF IOWA.

The marriage of persons, without their having obtained a license, is to be dealt with as a misdemeanor, and in no other manner.

Under chapter 85 of the Code, a justice of the peace possesses no jurisdiction to hear and determine a complaint, charging a party with solemnizing a marriage without a license.

*Error to the Muscatine District Court.*

A COMPLAINT was entered before a justice of the peace, against the plaintiff in error, for solemnizing a marriage without a license, on the waters of the Mississippi river, within the jurisdiction of the state of Iowa. The justice found him guilty, and rendered judgment against him for the penalty of fifty dollars, from which he appealed to the District Court, where the judgment of the justice was affirmed.

*Henry O'Connor* and *H. Ambler*, for the plaintiff in error.

*Samuel A. Rice* (Attorney-General) and *E. H. Thayer*, (prosecuting attorney of Muscatine county,) for the State.

WOODWARD, J.—The determining question in this cause can be sufficiently stated, without a lengthened detail of facts or pleadings. One point made, disposes of the case.

The defendant moved before the justice, and in the District Court renewed the motion, to dismiss the cause; or, in other words, to quash the complaint, for several reasons, among which the sixth was, that the justice had no jurisdiction of the supposed offence, it occurring on the waters of the Mississippi river; and the seventh was, that the allegations of the complainant do not show facts giving jurisdiction, either as to time, place, person or crime. Connected with these points, was the question raised, whether the complaint was for the penalty of fifty dollars, under section 1474 of the Code, or was for a misdemeanor, under section

1470. The complaint being lost, and there being no copy of it on file, of course we cannot determine this question, but the counsel agree that the court may dispose of the matter as they may, upon the record and papers belonging to the case.

Under these circumstances, we should be compelled to give weight to the entry of the magistrate, and the pleadings and proceedings in court, but these are ambiguous in this respect, and indeterminate, except that the judgment rendered in both courts, seems to point to section 1474, as the foundation; that is, to make it a *qui tam* proceeding in its nature. But this is immaterial. . We proceed to show that, regarded as a proceeding to recover the penalty of fifty dollars, under section 1474, it does not lie in this case; and as a complaint for a misdemeanor, it is not within the jurisdiction of a justice of the peace.

Chapter 85 of the Code, provides the conditions and requisites of marriage, and the duties and liabilities of those who are authorized to solemnize marriage. Sections 1464 to 1470, inclusive, contain important provisions. The marriageable age is fixed; a license must be obtained before marriage; such license must not, in any case, be granted where either party is under the age necessary to render the marriage valid, nor when either party is a minor, without the consent of the parent or guardian, nor when the condition of either party is such as to disqualify him from making any other civil contract; and unless the county judge is acquainted with the age and condition of the parties, he shall take testimony. These provisions are of the highest importance to the permanent interests and happiness of the parties, and to the domestic and social relations. With a view to these provisions, and under these considerations, section 1470 enacts, that if the county judge grants a license, contrary to the provisions of the preceding sections, he is guilty of a misdemeanor, and if a marriage is solemnized without such license being procured, the parties so married, and all persons aiding in such marriage, are likewise guilty of a misdemeanor. The statute has not been content to leave

these important requirements under the protection of a simple penalty of fifty dollars, but has guarded them by the full extent of the punishment for misdemeanors. The license is made a leading requisite, and to marry or be married without a license, is subject to a penal provision next to actual crime. There are other requirements, of minor consequence when compared with the foregoing, which may be considered as guarded by the penalty of section 1474; but we can reconcile the different parts of the chapter, only by holding that the marriage of persons without a license, is to be dealt with as a misdemeanor, and in no other manner. Regarded in this light, the supposed offence in the present case, is not within the cognizance of a justice of the peace.

By section 3322 of the Code, justices may hear, try, and determine public offences, where the punishment imposed by law, does not exceed two hundred dollars fine, or imprisonment in the county jail not more than six months, or where the punishment is by both such fine and imprisonment, whilst, by section 2676, a misdemeanor, the punishment of which is not otherwise prescribed by any statute of this state, may be punished by imprisonment in the county jail for one year, or by a fine to the extent of five hundred dollars, or by both of these. There is no punishment, "otherwise prescribed," for the misdemeanor here charged; and therefore it falls under this section, and consequently is beyond the jurisdiction of a justice of the peace to hear and determine. The magistrate might have held the defendant to answer before the District Court, but it was not within his province to try the cause. It follows, that the proceeding should have been dismissed on the appeal; that the judgment of the District Court must be reversed, and the recognizance of the defendant be discharged; and that he go hence without day.

An interesting question was presented concerning jurisdiction upon the waters of the Mississippi river, but it has become unnecessary to enter upon it.

Judgment reversed.